**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| **BERNARD NEWHRUE TALBERT,** § | |
| § | |
| *Petitioner*, § | |
| § | |
| v. § | EP-25-CV-00274-DCG |
| § | |
| **WILLIAM H. HUNT,** § | |
| *Assistant Chief Counsel DHS/ICE/OPLA*, § | |
| § | |
| *Respondent.* § | |

### ORDER GRANTING PETITIONER'S *IN FORMA PAUPERIS* APPLICATION AND DISMISSING HABEAS CORPUS PETITION

*Pro se* Petitioner Bernard Newhrue Talbert seeks to file a habeas corpus petition *in forma pauperis* ("IFP")—that is, without paying the filing fee.[1] For the following reasons, the Court **GRANTS** Petitioner's IFP Application and **DISMISSES** the Petition.

### I.   BACKGROUND

Petitioner—who is originally from Belize, and isn't a United States citizen—was convicted of false personation in immigration matters in September 2024.[2] The Government has therefore ordered that Petitioner be removed from the United States.[3]

---

[1] *See* IFP Appl., ECF No. 1, at 2–3.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, not the cited document's internal pagination.

[2] *See, e.g.*, Judgment in a Criminal Case at 1, *United States v. Talbert*, No. 3:24-cr-00713 (W.D. Tex. Sept. 11, 2024), ECF No. 39.

[3] *See* Warning Failure Depart, ECF No. 1-1, at 5 (reflecting that Petitioner was "Ordered Removed").

Petitioner alleges that he's currently in the custody of Immigration and Customs Enforcement ("ICE").[4] On July 11, 2025, ICE served Petitioner with a "Warning for Failure to Depart" from the country.[5] Petitioner refused to sign that document[6] because he claims that, by renouncing his Belizean citizenship in 2016,[7] he became a "sovereign individual" who is "free from National Government[] intervention in [his] affair."[8] Petitioner therefore insists that ICE is impermissibly coercing him to sign the Warning and unlawfully detaining him in violation of his personal "sovereignty."[9] Petitioner thus asks the Court to order ICE to release him from detention.[10]

---

[4] *See, e.g.*, IFP Appl. at 2.

[5] *See* Warning Failure Depart at 5–6.

[6] *See id.*

[7] *See* Decl. Renunciation Belizean Citizenship, ECF No. 1-1, at 3–4.

[8] *See* Pet., ECF No. 1-1, at 1 (errors in original).

[9] *See id.* at 1–2 ("In this case I am being compelled by the U.S. Government Agent/Agency for me to be a National of Belize. The fact I am not. On October, 2016, I had publicly renounce my allegiance to Belize. . . . I, should not be 'compelled.' by any U.S. administration/DHS-ICE Agent/Agency, for me to belong to Belize. . . . Petitioner, are being coerce by ICE 'Agent' for me to sign there deportation order to which is a violation of my sovereignty. . . . I am seeking a PERMANENT INJUNCTION AND RESTRAINING ORDER for said violation of the DHS-ICE agent/Agency for they coerce and duress arbitrary detention, and coerce me to sign there deportation order, to which are in Exhibit." (errors in original)).

[10] *See id.* at 1 (asking the Court to "grant immediate release from this arbitrary 'detention' by DHS-ICE" (citation modified)).

## II. DISCUSSION

### A. The Court Grants Petitioner's IFP Application

Petitioner certifies under penalty of perjury that his income is $0.[11]  The Court therefore agrees that Petitioner is unable to pay the fee to file his Petition.  The Court therefore **GRANTS** Petitioner's Application to proceed IFP.

### B. The Court Dismisses the Petition as Frivolous

Where, as here, a court has permitted a litigant to proceed IFP, the court may screen the case to determine whether it is frivolous or fails to state a valid claim for relief.[12]  If so, the Court shall dismiss the case.[13]

Petitioner's legal claim—that he's a "sovereign individual" over whom ICE has no power—is frivolous.[14]  Even if the Court assumes (without deciding) that Petitioner is no longer a citizen or national of Belize, he's still properly subject to ICE detention because:

---

[11] *See* IFP Appl. at 2–3.

[12] *See* 28 U.S.C. § 1915(e)(2) ("[T]he court shall dismiss [an IFP] case at any time if the court determines that . . . the action . . . is frivolous . . . [or] fails to state a claim on which relief may be granted . . . .").

[13] *See id.*

[14] *See, e.g.*, *James v. United States*, 155 Fed. Cl. 152, 166 (Fed. Cl. 2021) (explaining that the argument that a litigant "is a sovereign individual" who is "not subject to federal government authority" is "completely lacking in legal merit and patently frivolous").

    (1)    he's not a United States citizen;

    (2)    he's unlawfully present in the United States; and

    (3)    the Government has ordered his removal from the country.[15]

Moreover, even if the Court assumes (again without deciding) that Petitioner isn't a citizen of *any* country now that he's renounced his Belizean citizenship,[16] that wouldn't necessarily foreclose the Government from deporting him to Belize (or some other suitable destination). Subject to certain statutory conditions, the Government may lawfully deport an alien to an appropriate country—such as the country where the alien was born—even if that alien isn't a citizen of that country.[17]

    Petitioner has therefore failed to demonstrate that ICE is unlawfully detaining him. The Court will therefore dismiss his Petition.

---

[15] *See, e.g.*, 8 U.S.C. § 1101(a)(3) ("The term 'alien' means *any person not a citizen or national of the United States*." (emphasis added)); *id.* § 1231(a)(1)(A) ("Except as otherwise provided in this section, when an *alien* is ordered removed, the Attorney General *shall remove the alien from the United States* within a period of 90 days (in this section referred to as the 'removal period')." (emphases added)); *id.* § 1231(a)(2)(A) ("During the removal period, the Attorney General *shall detain* the alien." (emphasis added)).

[16] *See* Pet. at 1 (Petitioner's claim that he is no longer "a National of any Political Government / Political Subject" and no longer "a National of any Corporate Government" now that he "ha[s] publicly renounce[d] [his] allegiance to Belize").

[17] *See generally* 8 U.S.C. § 1231(b) (identifying circumstances in which the Government may lawfully remove an alien to a particular country, even if that alien isn't a citizen of that country).

*See also, e.g.*, *Skrelja v. Holder*, 475 F. App'x 373, 375 (2d Cir. 2012) ("[A]n alien need not be a citizen of a country to be removed to that country." (citations omitted)); *Korneitchouk v. Gonzales*, 127 F. App'x 558, 560 (2d Cir. 2005) ("In the absence of any designation of a removal country by the petitioner, and in light of petitioner's claim that he was 'stateless,' the government's designation of Ukraine, where the petitioner was born, as the country for removal was appropriate. [The petitioner] need not be recognized as a citizen of Ukraine to make removal to that country appropriate." (citations omitted)).

### III. CONCLUSION

The Court **GRANTS** Petitioner Bernard Newhrue Talbert's "Motion to Proceed *In Forma Pauperis*" (ECF No. 1).

Having permitted Petitioner to file his Petition without paying the filing fee, the Court **DISMISSES** the Petition. The Clerk of Court shall **CLOSE** the case.

The Clerk of Court **SHALL REMOVE** the "*Ex Parte*" designation from Petitioner's "Petition for Permanent Injunction and Restraining Order" (ECF No. 1-1) on the Court's CM/ECF system, as Petitioner neither requested nor obtained the Court's leave to file that document *ex parte*.

The Clerk of Court **SHALL MAIL** this Order to Petitioner.

**So ORDERED and SIGNED this 29th day of July 2025.**

_____
DAVID C. GUADERRAMA
SENIOR U.S. DISTRICT JUDGE